UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKVIEW EDGE PROPERTIES, LLC, | No. 2:15-cv-0553 TLN CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MONA PROTZEL, | |
| Defendant. | |

Plaintiff's motion to remand and to declare defendant a vexatious litigant came on regularly for hearing on April 22, 2015. Sam Chandra appeared for plaintiff. No appearance was made for defendant, who is proceeding in this matter in propria persona. Upon review of the documents in support, no opposition having been filed, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff moves to remand this action to state court, contending there is no federal question or diversity jurisdiction. The underlying state court action is an unlawful detainer action. The state court action was previously removed by defendant to this court on January 12, 2015. See Parkview Edge Properties, LLC v. Protzel, case no. 2:15-cv-0070 TLN CKD PS, ECF No. 1. In findings and recommendations filed in the prior action, the court noted that:

> "[r]emoval jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there

1

> is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).
>
> In conclusory fashion, the removal petition alleges the complaint is subject to federal question jurisdiction. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). However, the exhibits attached to the removal petition establish the state court action is nothing more than a simple unlawful detainer action, and the state court action is titled as such. Defendant has failed to meet her burden of establishing federal jurisdiction and the matter should therefore be remanded. <u>See generally</u> <u>Singer v. State Farm Mutual Automobile Insurance Co.</u>, 116 F.3d 373, 375-376 (9th Cir. 1997)."

<u>Id.</u>, ECF No. 3. The District Court adopted the findings and recommendations and the matter was remanded on February 20, 2015. <u>Id.</u>, ECF No. 8.

Three weeks later, on March 12, 2015, defendant again removed the unlawful detainer action to federal court and again asserted federal question jurisdiction. As with defendant's prior removal, there is no basis for jurisdiction evident on the face of the unlawful detainer complaint. There has been no change in circumstances that renders removal provident. In addition, plaintiff has established that diversity jurisdiction is lacking. The matter should be summarily remanded.

Plaintiff requests that defendant be declared a vexatious litigant solely with respect to the unlawful detainer action. Litigants who abuse the judicial process by repeatedly filing "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are frivolous or solely intended to cause unnecessary delay" are vexatious litigants. Cal. Civ. Proc. Code § 391 (adopted in the Eastern District of California under L.R. 151(b)). In order to impose a limiting order on a vexatious litigant, four conditions must be met: (1) the litigant must have adequate notice to oppose the order; (2) an adequate record must be provided, listing the pleadings that led to the court's decision that a vexatious litigant order was necessary; (3) the court must make substantive findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored. See <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1147-48 (9th Cir. 1990); <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1057-58 (9th Cir. 2007).

1  Here, defendant has been provided notice of the motion, has failed to file opposition, and failed to appear at the hearing. As set forth above, defendant has already once improvidently removed the unlawful detainer action and been advised that a federal question must be presented on the face of the complaint. After the case was remanded to state court, defendant again, without justification, removed the unlawful detainer action to federal court. Such conduct in the face of the prior summary remand is frivolous, harasses plaintiff, and appears to be nothing other than an attempt to delay the unlawful detainer proceedings. To curb future frivolous removals from state court, the District Court Clerk of Court should be directed to accept no further removals of the unlawful detainer action. Such an order is narrowly tailored to prevent the frivolous actions which constitute defendant's vexatious conduct.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The above-entitled action be summarily remanded to the Superior Court of California, County of El Dorado.

2. Defendant Mona Ann Protzel be declared a vexatious litigant solely with respect to the state court unlawful detainer action designated PCU20140352, regarding real property located at 3305 Chasen Drive, Shingle Springs (aka Cameron Park), California, 95682.

3. The Clerk of Court be directed not to accept any more removals from state court of the above described unlawful detainer action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 parkview2.remud.vex

3